**FILED**
DISTRICT COURT OF GUAM
APR 1 4 2006 
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| SCOTT M. ROSEN, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendants. | Civil Case No. 06-00005 <br><br> **ORDER** <br><br> Regarding Transfer and Service of Plaintiff's Complaint |

This is an action for judicial review of the final decision of the Commissioner of Social Security pursuant to 48 U.S.C. § 405(g), brought by Plaintiff, Scott Rosen, ("Rosen"). Rosen is a current resident of the Philippines who was recently denied social security benefits.[1] Because venue is proper in the District Court for the District of Columbia, the Court will transfer the action.

A federal district court has jurisdiction to review final decisions of the Commissioner of Social Security. 42 U.S.C. §§ 405(g), 1383(c)(3).[2] The Court may raise the issue of defective venue *sua sponte. Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The provision governing venue in cases involving review of decisions of the Commissioner of Social Security is also found in 48 U.S.C. § 405(g). Under § 405(g), a civil action seeking judicial review of the final decision of the Commissioner of Social Security may be brought (1) only in a judicial district where the plaintiff

---

[1] The Court notes that Rosen has filed copies of a Return of Service form and certified mailing receipt. The Court can only assume that Rosen believes this action to be sufficient in order to timely serve Defendant with the Complaint. The Court forewarns Rosen that he has failed to personally serve the Defendant. Service of the Complaint by certified mail is insufficient. Rosen is directed to review FED. R. CIV. P. 4(c)(2) and (e) in addition to the local rules for the District Court of the District of Columbia.

[2] The judicial review provisions of 42 U.S.C. § 405(g) (Title II of the Social Security Act) are expressly incorporated into § 1383(c)(3) (Title XVI). *See Kildare v. Saenz*, 325 F.3d 1078, 1080 (9th Cir.2003).

resides or has his principal place of business or if such circumstance does not exist, (2) in the United States District Court for the District of Columbia. Rosen has not provided the Court with any information that he has any ties to Guam whatsoever. Rosen, in fact, admits that he resides in the Philippines and indicates that this Court has jurisdiction over this matter because it is "the nearest United States District Court" that hears Social Security claims. *See* Complaint at p. 1, Docket No. 1. His belief is mistaken. Under this provision, venue is proper only in the District of Columbia because Rosen neither resides in nor has his principle place of business in Guam.

Pursuant to 28 U.S.C. § 1406(a), when venue lies in the wrong district, the court shall dismiss, or if in the interests of justice, transfer the action to the division in which it could have been brought. The Court finds that the "interests of justice" dictate that this action be transferred to the District of Columbia. Accordingly, the Clerk of Court is directed to transfer this action to the District Court for the District of Columbia.

**IT IS SO ORDERED** this 14 day of April, 2006.

_____
**ROGER T. BENITEZ**
**United States District Judge**

---

\* The Honorable Roger T. Benitez, United States District Judge for Southern California, by designation.